IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CHUMEICA PADEN, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 1. O'REILLY AUTOMOTIVE STORES, INC., ) <br>   a foreign corporation, ) <br> ) <br> Defendant. ) | CASE NO.: 17-CV-621-TCK-JFJ <br><br> JURY TRIAL DEMANDED <br><br> ATTORNEY'S LIEN CLAIMED <br> FOR THE FIRM |

## COMPLAINT

**COMES NOW** the Plaintiff, Chumeica Paden (hereinafter "Plaintiff"), by and through her attorney of record Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.* and hereby submits the following *Complaint* against the Defendant, O'Reilly Automotive Stores, Inc. (hereinafter "Defendant"). In support thereof, Plaintiff would respectfully show as follows:

### PARTIES, JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the common law of the State of Oklahoma.

2. Plaintiff was at all times relevant to this action employed by Defendant within the Northern District of Oklahoma.

3. Plaintiff was at all times relevant to this action domiciled in and a citizen of the State of Oklahoma.

4. Defendant was at all times relevant to this action a Missouri corporation which maintained an office in Tulsa County in the State of Oklahoma.

5. Plaintiff was at all times relevant to this action an employee as that term is defined by Title VII of the Civil Rights Act.

1

6. Defendant is, and was at all times relevant to this action, an employer as that term is defined by Title VII of the Civil Rights Act.

7. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States, and pursuant to the doctrine of pendent jurisdiction.

8. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma as a substantial portion of the events or omissions giving rise to this claim occurred in the Northern District of Oklahoma.

9. Plaintiff has exhausted the statutorily required remedies for judicial review under Title VII of the Civil Rights Act by submitting the attached Charge of Discrimination **[Ex. 1]** to the U.S. Equal Employment Opportunity Commission. Attached hereto is Plaintiff's Notice of Right to Sue **[Ex. 2]** received from that agency on August 18, 2017 in regards to her claims of discrimination and retaliation against Defendant. Plaintiff's Charge of Discrimination and Notice of Right to Sue is incorporated in her *Complaint* as though fully set forth herein.

## OPERATIVE FACTS

10. On March 7, 2015, Plaintiff was hired by O'Reilly Automotive Stores, Inc. as a parts delivery driver.

11. In March of 2015, Plaintiff went with Vicky Vanmeter, co-worker, to deliver parts to Mr. Greg Henry's shop, Greg Henry's Auto & Boat Repair, as part of her training. After Ms. Vanmeter introduced Plaintiff, Mr. Henry stated "I can handle seeing that every day." Mr. Henry continued making these types of comments throughout Plaintiff's employment.

12. In June of 2015, Mr. Henry's inappropriate comments escalated. Relevant, nonexclusive examples of his comments include:

   a. "Does your husband please you?

   b. "Are you being satisfied at home? Because I'm sure I can do a better job."

   c. Mr. Henry would tell Plaintiff that she forgot something, only to tell her when she walked back to him that he "just wanted to watch [me] walk away again."

13. In November of 2015, Plaintiff made three deliveries to Mr. Henry's shop within a few hours. During all of the deliveries, Mr. Henry continually made inappropriate comments, even though Plaintiff had previously asked him to stop. During Plaintiff's third delivery to his shop, Mr. Henry asked Plaintiff "how much it would take for [her] to give in to him?" Plaintiff responded by telling Mr. Henry that he has "never seen enough money in [his] life time to get in [her] pants."

14. Following that interaction, Mr. Henry sat inside Plaintiff's work truck while she was delivering parts to his shop. He asked more inappropriate questions, such as:

   a. "Does your husband please you?"

   b. "Are you satisfied at home?"

   c. "Do you think 'this' (measuring and insinuating the size of his penis) would be better for you?"

15. Plaintiff spoke with Ms. Vanmeter about her interactions with Mr. Henry. Since there was no manager in the store, Plaintiff was only able to tell a few of the employees about her experiences.

16. For the following month, Ms. Vanmeter made the deliveries to Mr. Henry's shop to limit Plaintiff's interactions with him.

17. In December of 2015, Mr. Henry was in Plaintiff's store and made an inappropriate comment towards her. At this time Mr. Suan Howl overheard the comment and told Mr. Henry that he was not allowed to speak to one of his employees like that.

18. On or about February 1, 2016, Plaintiff was dispatched to Mr. Henry's shop to make a delivery. After Plaintiff dropped off the requested parts, Plaintiff began walking away. It was then that Mr. Henry told her that she had forgotten something. Plaintiff turned, walked back to the counter and when she reached the counter, Mr. Henry simply stated, "never mind I got it." Plaintiff turned to leave and as she was walking, she heard laughter from the men behind her. Plaintiff turned and noticed Mr. Henry was leaning over to watch her walk away.

19. On or about February 2, 2016 Mr. Henry came into Plaintiff's store to purchase parts and to place an order for later that day.

20. Later that day, Plaintiff delivered the items to Mr. Henry. When Plaintiff arrived, Mr. Henry was not at his desk, so she put everything she had down on his desk and turned to leave. As Plaintiff turned to leave Mr. Henry appeared behind her and grabbed her inner thigh mid-way up her right leg. Plaintiff proceeded to hit him in the stomach, to which Mr. Henry told her to be easy. Plaintiff firmly told Mr. Henry to not touch her.

21. Following that encounter, Plaintiff returned to her store and reported the issue to Mary Messer, Assistant Manager. Ms. Messer was more concerned that Plaintiff had hit Mr. Henry rather than that fact that he had sexually assaulted Plaintiff.

22. Once Plaintiff's shift had ended, she sent a text message to Brayden Hackler, Store Manager, who was out on medical leave, and asked him to call her as soon as possible. The following day, Plaintiff spoke with Mr. Heckler and informed him of the events of the prior

day. Mr. Hackler advised Plaintiff that he would take care of it when he got back from medical leave.

23. Plaintiff spoke with Scott Mullin, District Manager, on or about February 9, 2016, regarding the incident of February 2, 2016. Subsequently, per his request, Plaintiff wrote a statement regarding the incident and submitted it to Human Resources. Following her initial discussion with Mr. Mullin, Plaintiff was asked to write four more statements.

24. On or about March 1, 2016, Plaintiff met with Mr. Mullin regarding her written statements. Mr. Mullin informed Plaintiff that the only way for her to keep her job was to transfer to another store. Instead of being transferred, Plaintiff asked if they could just allow her to take one of the three available counter positions. That request was denied.

25. On or about March 7, 2016 Plaintiff resigned from O'Reilly's after being denied another option for employment at the store she was currently working at.

26. Plaintiff was subjected to unwelcome sexual harassment during her employment with Defendant, in violation of Title VII of the Civil Rights Act.

27. Plaintiff's was subjected to retaliation for reporting the sexual harassment she was subjected to as an employee, in violation of Title VII of the Civil Rights Act, in that Defendant refused to allow her to transfer to the open positions within the store she was assigned to work.

28. Plaintiff was constructively discharged because of the sexual harassment and retaliation she was subjected to.

29. As a result of the sexual harassment and the retaliation, Plaintiff has suffered, and continues to suffer, lost wages and benefits as well as headaches, anxiety and emotional distress.

## FIRST CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

30. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

31. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

32. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §§ 2000e, *et seq.*

33. As a direct and proximate cause of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

34. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages in Plaintiff's favor.

35. Plaintiff has been injured by the sexual harassment she was subjected to and is entitled to compensatory and punitive damages and any other damages permitted under Title VII of the Civil Rights Act of 1964 and 1991, as amended.

## SECOND CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

36. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to report sexual harassment she was being subjected to as an employee in Defendant's employ.

38. Plaintiff reported the discrimination she was subjected to as an employee to a proper agent to receive such complaints.

39. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of Plaintiff's employment by, among other retaliatory acts, refusing to transfer Plaintiff to open positions which would have isolated Plaintiff from her sexual harasser.

40. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the sexual harassment she was subjected to in the workplace.

### THIRD CLAIM FOR RELIEF
### (WRONGFUL TERMINATION IN VIOLATION OF TITLE VII)

1. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

2. Plaintiff was discriminated against by the employer to the point a reasonable person would resign.

3. As a direct result of the discrimination, Plaintiff terminated her employment on March 7, 2016.

4. Plaintiff was wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended.

**WHEREFORE**, premises considered, Plaintiff prays for a declaration that the conduct engaged by the Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for the equitable relief of lost wages, an award of compensatory damages to compensate Plaintiff for the emotional distress, mental anguish and humiliation she has suffered, and an award of punitive damages to punish Defendant for its violations of federal and state law, all in excess of One Hundred Thousand Dollars ($100,000.00); award Plaintiff her costs and expenses, including a reasonable attorney's fee, as provided for by applicable law; award an assessment of damages to

compensate for any tax consequences of this judgment; and for any such further legal or equitable relief this honorable Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**


By:/s/ Charles C. Vaught
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500 – Telephone
(918) 583-1755 – Facsimile
cvaught@a-vlaw.com
*Attorney for Plaintiff*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>564-2017-00272 |
|---|---|---|

Oklahoma Attorney General's Office, Office of CR Enforcement and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Chumeica R. Paden | (918) 399-9277 | 05/31/1985 |

Street Address: 301 W. 6th St., Dewar, OK 74431

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| O'REILLYS AUTO PARTS | 500 or More | (918) 652-2566 |

Street Address: 309 E. Main St., Henryetta, OK 74437

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: 02-02-2016   Latest: 03-07-2016<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired on 03/07/2015 to the position of Parts Delivery Driver. I was verbally sexually harassed from 03/20/15 to 02/02/2016 by Greg Henry, Owner of Greg Henry's Auto & Boat and a client of my employer. On 02/02/2016 I was physically harassed in that Mr. Henry grabbed my right inner thigh, I hit him and told him to not ever touch me again and left the store. After I reported the sexual harassment to my employer I was told I would have to transfer stores because that was the only "option" they had. When I told the Manager this was not an option I was forced to resign effective 03/07/2016.

II. Scott Mullin, District Manager, advised "that was the only option they had".

III. I believe that I have been discriminated against because of my Sex, Female and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1-24-17  /s/ Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 01/25/2017

Notary Public State of Oklahoma
Samantha Lee Ferrell
TULSA COUNTY
COMMISSION # 16011526
Comm. Exp. 12-08-2020

EXHIBIT 1

RECEIVED 9-18-17

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Chumeica R. Paden
301 W. 6th St.
Dewar, OK 74431

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2017-00272 | Marilyn S. Koshiway, Investigator | (405) 231-4359 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Marilyn S. Koshiway_     August 15, 2017
Holly Waldron Cole,       (Date Mailed)
Area Office Director

Enclosures(s)

cc:
Anthony Garcia
Office manager
O'REILLY AUTO PARTS
309 E. Main St.
Henryetta, OK 74437

Charles Vaught ✓
Attorney At Law
2727 E. 21st St., Suite 505
Tulsa, OK 74114





EXHIBIT 2

RECEIVED 8-18-17