# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHUMEICA PADEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-621-TCK-JFJ |
| | ) |
| O'REILLY AUTOMOTIVE STORES, INC. | ) |
| a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Amend Answer (Doc. 33) filed by Defendant O'Reilly Automotive Stores, Inc. ("O'Reilly"). Plaintiff Chumeica Paden opposes the motion as untimely. (Doc. 46).

**I. Procedural Status**

Plaintiff sued her former employer, O'Reilly, for employment discrimination under Title VII of the Civil Rights Act, asserting that she resigned because Greg Henry, a customer of O'Reilly, had sexually harassed her. (Doc. 2). She sought, *inter alia*, lost wages. *Id.* In its original answer, O'Reilly did not assert the defense of failure to mitigate damages, because it was, at that time, unaware of any facts or circumstances supporting such a defense. (Doc. 7).

The original Scheduling Order in this case set a deadline for amendment of pleadings by February 2, 2018, and a discovery cutoff date of May 16, 2018. (Doc. 12). The parties subsequently filed a joint motion to extend the discovery deadline by 45 days. (Doc. 16). The Court granted the motion and extended deadlines for discovery and dispositive motions to May 21, 2018, but stated that the deadline for Motions to Join or Amend was "closed." (Docs. 17-18).

On July 9, 2018, the Court granted Defendant's unopposed motion to extend the discovery cutoff date again, setting a new discovery deadline of August 20, 2018, and a dispositive motion deadline of September 4, 2018.  (Doc. 23).

During Plaintiff's deposition on May 14, 2018, she testified that although she worked only part-time (18 hours a week) at O'Reilly, earning $8.50 per hour, after she resigned she looked only for jobs that would pay her more than twice the amount she earned at O'Reilly, completed only five applications for employment over the course of several months, and decided to leave the job market in September 2017 to become a stay-at-home mother.  The day after Plaintiff's deposition, the parties submitted their settlement conference statements to Magistrate Judge Frank McCarthy. In its Settlement Conference Statement, Defendant argued that Plaintiff failed to meaningfully attempt to secure alternative and similar employment, and that during her job search, she targeted and applied for only positions that would result in a substantial increase in pay from what she earned at O'Reilly.  (Doc. 33-3 at 4).

On July 5, 2018, Defendant filed an Unopposed Motion to Extend Scheduling Order Deadlines (Doc. 21) to permit additional discovery, including production of Plaintiff's responses to Defendant's second set of discovery for which Plaintiff had requested, and Defendant had granted, an extension of time to respond.  The extension was also sought because Plaintiff testified in her deposition that Tammy Collins, a former O'Reilly employee, had verbally reported being sexually harassed by Greg Henry to O'Reilly District Manager Scott Mullins. Plaintiff had previously failed to identify Ms. Collins.  (Doc. 48-2, Plaintiff's Initial Disclosures; Doc. 48-3, Plaintiff's Preliminary Witness and Exhibit List).  Following this disclosure, Defendant located and subpoenaed Ms. Collins for a July 5, 2018, deposition, but the witness failed to appear.  (Doc. 48-4, T. Collins Dep.).

## II. Applicable Law

Under Fed. R. Civ. P. 8(c)(1), a defendant is required to affirmatively plead "any avoidance or affirmative defense." When a party omits an affirmative defense or discovers new evidence giving rise to an affirmative defense as discovery proceeds, the party must move to amend its pleading under Fed. R. Civ. P. 15(a). *Ahmed v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2005).

"The purpose of Rule 15(a) is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks and citation omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While undue delay may be a basis on which to deny a motion to amend pleadings, the Tenth Circuit has stated that "[t]he second, *and most* important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207.

## III. Discussion

Defendant alleges it was unaware of any facts supporting the affirmative defense of failure to mitigate damages until it deposed Plaintiff on May 14, 2018—well after the original Scheduling Order's February 2, 2018, deadline for amendment of pleadings. The next day, May 15, 2018, Defendant asserted the defense of failure to mitigate damages in a Settlement Conference Statement submitted to Plaintiff.

Plaintiff argues that Defendant should have raised the "failure to mitigate damages" affirmative defense in its Answer to her Amended Complaint. However, the Amended Complaint and Answer were both filed before the first Scheduling Order was entered on January 5, 2018, and months before Plaintiff's May 14, 2018 deposition, when Defendant learned of the failure to mitigate defense. Thus, Defendant lacked a factual basis to assert the defense until that date. (Docs. 5, 7, 12).

In this case, Plaintiff was in sole control of the information that forms the basis for the failure to mitigate defense, and Defendant did not discover the information until Plaintiff's deposition—well after the deadline for amending its Answer. Further, it is undisputed Plaintiff is in possession of all information regarding a possible defense of failure to mitigate, and thus, will not be prejudiced by the amended answer.

Accordingly, Defendant's Motion to Amend Answer (Doc. 33) is hereby granted. Defendant shall file an Amended Answer by December 7, 2018.

ENTERED this 27th day of November, 2018.

_____
TERENCE C. KERN
United States District Judge